Per Curiam.

The action is one by vendees of real property to rescind the contract of sale upon the ground of false representations by the vendor as to the status of a certain tenant occupying the property. The contract of sale, dated June 3, 1947, provided that the premises were sold subject to the rights of a designated corporate tenant, which was referred to as a statutory tenant. The contract by rider attached further provided: “ * * * . The present tenant is occupying the premises as a statutory tenant based on the expiration of his lease dated May 1st, 1944, which was not renewed or extended. Said lease having been exhibited to and initialed by the purchaser and their attorney and it is agreed that the purchaser takes subject to the rights of said tenant.”
It is conceded that the lease on its face was for a term of five years from May 1, 1944.
Special Term held that the recital that the tenant was a statutory tenant was the mere expression of an opinion as to its legal status and as the lease was exhibited the provisions of the document would be controlling. Plaintiffs showed in their affidavits in opposition to the motion that the lease contained a cancellation clause and stated that it had been represented to them by the vendor that the lease had been duly cancelled upon a prior sale of the property under a notice given by a former owner and landlord. If these facts can be established upon the trial, they would seem to be sufficient to raise an issue as to defendant-respondent’s misrepresentations. Beceipt of proof of these matters by parol evidence would seem to be competent in view of the statements in the contract as to the expiration of the lease.
In seeking summary judgment defendant-respondent relies on an additional claim of waiver, but this defense was not pleaded nor is it sufficiently established by documentary proof to warrant summary judgment.
*349 As there appear to he triable issues, the motion for summary judgment should have been denied.
Judgment and order appealed from should be reversed, with costs, and the motion denied.
Peck, P. J., Glekkok, Callahan, Yak Yoorhis and Shiektag, JJ., concur.
Judgment and order unanimously reversed, with costs and the motion denied. Settle order on notice.